Allen *v*. The Northwestern Mutual Life Insurance Company.

No. 16,649.

## ALLEN *v*. THE NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY.

SUPREME COURT PRACTICE.—*Argument of Counsel.*—*When too Meager.* —*Corporation.*— *Sufficiency of Complaint.* — Where the argument against the sufficiency of a complaint by a corporation was, that "the suit was instituted by a nonresident corporation"; that "there is nothing to show a right to sue"; that "the simple fact that it is alleged in the complaint is not sufficient," and that "it should show by what right it sues," such argument is too meager to advise the court of the incapacity claimed to preclude a suit by the appellee, and suggests no question for decision.

From the Monroe Circuit Court.

*J. R. East, H. C. Duncan* and *I. C. Batman,* for appellant.

*A. Baker* and *E. Daniels,* for appellee.

HACKNEY, J.—The appellee sued the appellant, by a complaint in the usual form, for the possession of certain real estate, and for damages for the wrongful detention thereof.

The assignment of errors questions the sufficiency of the complaint, the overruling of a motion for a *venire de novo,* and the overruling of a motion for a new trial.

The transcript does not include either of the motions upon which the last two errors so assigned are predicated, and no question, therefore, is sufficiently made as to them.

The argument of appellant's counsel as to the sufficiency of the complaint is as follows: "The suit was instituted by a nonresident corporation. There is nothing to show a right to sue. The simple fact that it is alleged in the complaint is not sufficient. It should show by what right it sues."

This argument is too meager to advise the court of the incapacity claimed to preclude a suit by the appellee. Whether it was the failure to secure costs, the absence of an allegation that the company was authorized to make contracts of insurance within this State, or that a corporation of another State had no authority to hold the title to lands in this State, or that its corporate charter had expired, can, at most, but be surmised. The argument is regarded as suggesting no question for decision.

Counsel discuss what they claim to be an assignment of error in the overruling of a motion in arrest of judgment. The record contains no assigment of error upon this subject.

It is evident, from the meager record, and the more meager presentation of any meritorious question on this appeal, that the cause has found its way to this court for no other purpose than to delay and embarrass the appellee, and to retain possession of the five hundred and ninety-four acres of land in dispute, pending the appeal. Therefore, the judgment of the circuit court is affirmed, with damages in the sum of two hundred and fifty dollars, not including the costs of this appeal, the costs of the circuit court, the mesne profits from said lands, nor any waste, damages or injury to the property involved in the action.

Filed Feb. 23, 1894.