Filed Apr. 30, 1895.

---

No. 1,347.

WILLENBURG *v.* THE STATE, EX REL. CARMICHEL, DRAINAGE COMMISSIONER.

DRAINAGE.—*Drainage Commissioner.*—*Qualification.*— *Collecting Ditch Assessment.*—*Complaint.*—In an action by a drainage commissioner to recover a ditch assessment, an allegation in the complaint that plaintiff "duly qualified and entered upon his duties" sufficiently alleges the filing of his bond and the doing of everything necessary to a proper qualification as contemplated by the law.

WAIVER.—*Assignments of Error.*—Assignments of error not argued will be deemed waived.

From the Warren Circuit Court.

*J. W. Sutton* and *E. F. McCabe*, for appellant.

*J. F. Hanly, E. Stansbury* and *J. C. Stephens*, for appellee.

Ross, C. J.—This was an action brought by the appellee against appellant to recover a ditch assessment.

It is insisted by the appellant that the complaint is insufficient, because it is not averred that the appellee filed his bond as a drainage commissioner pursuant to the provisions of section 5622, R. S. 1894 (section 1184, Elliott's Supp).

Willenburg *v*. The State, *ex rel*. Carmichel, Drainage Commissioner.

The complaint contains an allegation that the appellee "duly qualified and entered upon his duties" as drainage commissioner.

We can not accept counsel's contention that this allegation would imply that appellee took the oath of office, but that he did not file the bond required. The section of the statute, *supra*, requires that "such drainage commissioner shall, before entering upon the discharge of his duties, take and subscribe an oath of office and give bond payable to the State of Indiana, with sureties in a penalty of not less than $5,000, to be filed with and approved by the auditor of the county, conditioned for the proper and faithful discharge of his duties, and that he will account according to law for all money that shall come to his hands as such commissioner," etc. To qualify under this statute means more, therefore, than simply to take the required oath. It embraces the doing of everything necessary to a proper qualification as contemplated by the law. Unless the appellee did as the statute required he did not qualify, and if he qualified he must have done what the statute required that he should do.

The complaint states a cause of action.

The second and third specifications of error in appellant's assignment of errors question the correctness of the court's rulings in sustaining the demurrers to the plea in abatement and to the second paragraph of the answer in bar.

No argument, however, has been adduced in support of the sufficiency of the answers. The whole trend of counsel's argument goes to the sufficiency of the complaint. To say that the questions argued with reference to the sufficiency of the complaint also arise on the answers in abatement and in bar, which "were filed and presented in the record more from precaution than other-

wise'' can not be considered as an argument presenting to this court for consideration any question relative to the sufficiency of such answers. *Allen* v. *Northwestern Mutual Life Ins. Co.*, 136 Ind. 608.

Judgment affirmed.

Filed April 26, 1895.